1  Jane T Amator

2  5869 E Blue Sky Dr

3  ScottsdaleAZ 85266

4  (480) 221-0687

5

X FILED      ___ LODGED
___ RECEIVED   ___ COPY

DEC 0 1 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

6              **IN UNITED STATES DISTRICT COURT**

7             **FOR THE DISTRICT OF ARIZONA**

8

9  Jane T Amator,

10                Plaintiff,            CASE NUMBER:   **CV20-02324-PHX-SPL**

11

12  v.

13  Principal Financial Group DBA

14  Principal Life Insurance Company,    **COMPLAINT**

15  Mutual Insurance Company of Arizona   **ERISA**

16

17                Defendant(s).

18

19                **INTRODUCTION**

20

21      1.    This case arises out of Defendants' refusal to pay Short Term and Long Term

22  Disability benefits payable to Plaintiff, Jane Amator.  In addition, for Defendant's refusal to

23  extend Life Coverage During Disability for Plaintiff, Jane Amator.

24

25                **JURISDICTION**

26      2.    This court has jurisdiction over this matter pursuant to the Employee

27  Retirement Income Security Act of 1974 (ERISA) 29 U.S.C § 1132  (1), (e), (f), and (g)

28  as well as 28 U.S.C. §1331, as this action involves a federal question and a claim by

plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA.

## VENUE

3.     Venue lies in the District Court for the District of Arizona pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132 (e) (2), because the ERISA-governed plan at issue was administered in part in this District.   The plaintiff is a resident of Scottsdale, Maricopa County, AZ, a citizen of the United States and resides in this District.. The defendant, Principal Life Insuance Company , is a Corporation located in Des Moines, IA and incorporated in the United States doing business in the State of Arizona. The Defendant, Mutual Insurance Company of Arizona, (The Plan) is located in Phoenix, AZ and incorporated in the United States. The cause of action arose in the Phoenix division.

## PARTIES

4.    At all relevant times, the Plaintiff was a beneficiary, as define by ERISA § 3(7), 29 U.S.C. § 1002 (7) in the plan.

5.    At all relevant times, Defendant Principal Financial Group DBA Principal Life Insurance Company ("the Plan")  provided benefits within the meaning of ERISA § 29 U.S.C. § 1002 (1).

6.    At all relevant times, Defendant Mutual Insurance Company of Arizona (MICA) has been a fiduciary of the Plan.  It is a named administrator of the Plan within the meaning of ERISA 29 U.S.C. § 1002 (16) (A), and the Plan sponsor within the meaning of ERISA 29 U.S.C. § 1002 (16) (B)

## FACTS

7.    The Plaintiff began working at Mutual Insurance Company of Arizona

2

she would not be eligible for any additional time for disability. In fact, in February of 2018 while recovering from the hysterectomy the Plaintiff first noticed a lump in her leg. This lump was ultimately diagnosed as a rare Sarcoma cancer around this same time the Plaintiff was diagnosed with a Pituitary Tumor.

13.     Plaintiff was lead to believe that her only option was to leave the company to try and obtain control of her health. She was aware she would be unable to maintain the COBRA premium.

14.     The Plaintiff submitted her resignation on March 9, 2018 effective April 6, 2018 citing safety, health and productivity as reasons for her resignation. MICA discharged her on March 12, 2018

15.     The Plaintiff learned she should have been entitled to the Disability benefit even though she no longer has FMLA or ADA time available to her in March of 2018.

16.     On October 10, 2018 the plaintiff submitted a request to MICA representative Leon Kochan, VP of Human Resources for disability forms. On October 19, 2018 Mr. Kochan provided the forms. The Plaintiff submitted the disability claim forms to Principal Life Insurance Company. Richard Gottlieb, MD provided support for the disability relating to the mental health issues. Instead of writing March 9, 2018 as the disability date, Dr. Gottlieb wrote 3/18, meaning March of 2018.

17.     On November 29, 2018, Chris Piepho with Principal Life Insurance Company submitted a denial of benefits citing the Plaintiffs disability was approved by Dr. Gottlieb on March 18, 2018 and the Plaintiff was no longer covered by the Principal Life Insurance Company disability policy. This decision was made although Dr. Gottlieb had clarified for Principal Life Insurance Company he did not write March 18, 2018, but documented March of 2018. Mr. Piepho advised it did not matter as the Plaintiff was working on March 12, 2018.

18.     Plaintiff submitted her appeal May of 2019 at which time Kelsi Wirzbach took over the handling of the claim. On August 7, 2019, Ms. Wirzbach advised an

4

Principal Life Insurance agrees Dr. Harrop and Dr. Parker reviews were not full and fair yet the report completed by Dr. Parker fraught with incorrect information was provided to Dr. Baylan to make a decision.

## FIRST CLAIM FOR RELIEF

25.     Plaintiff incorporates Paragraphs 1 through 24 as though fully set forth here.

26.     Plaintiff has exhausted her administrative remedies.

27.     ERISA 29 U.S.C. § 1132 (A)(1)(B), permits plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and /or clarify her rights to future benefits under the terms of a plan.

28.     ERISA allows for disability benefits under Short Term Disability, Long Term Disability and Life Coverage During Disability.   Plaintiff is entitled to these benefits as she has met all of the requirements of the policy.

## SECOND CLAIM FOR RELIEF

29.     Plaintiff incorporates Paragraphs 1 through 28 as though fully set forth here.

30.     ERISA 29 U.S.C. 1132 (a) (3) requires a fiduciary discharge its duties with respect to a plan solely in the interest of the participants, for the exclusive purpose of providing benefits to participants and fiduciaries and defraying reasonable expenses of administering the plan, and in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with other provisions of ERISA.

31.     ERISA 29 U.S.C.§ 1132 (a) (3), authorizes a beneficiary of a plan to file suit to "enjoin any act or practice" that violates Title 1 of ERISA or the terms of a plan, and/or to obtain "other appropriate relief" to redress such violations.  ERISA 29 U.S.C. § 1055(a)(2), is part of Title 1 of ERISA

32.     By engaging in the acts and omissions described above, including but not limited to interpreting and relaying details of the plan in a manner contrary to applicable federal law. The information provided by MICA regarding the Plaintiffs rights to the disability insurance coverage were not full, fair and forthcoming. Defendant MICA have breached their fiduciary duty to the Plaintiff and have violated Title 1 of ERISA.

33.     As a result of Defendant MICA breaches of fiduciary duty and violations of Title 1 of ERISA, Plaintiff has been harmed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

As to the First Claim for Relief:

A.     Declare that Defendants have violated the terms of the Plan;

B.     Order Defendants to pay Short Term Disability and Long Term Disability benefits Beginning March 9, 2018, with prejudgment interest;

C.     Declare that Plaintiff has a right to receive a monthly Long Term Disability Benefit;

D.     Declare that Plaintiff has a right to Life Coverage During Disability;

E.     Award Plaintiff reasonable fees and costs of suit pursuant to ERISA § 29 U.S.C. §1132 (g); and

7

F.   Provide such other relief as the Court deems equitable and just.

As to the Second Claim for Relief:

A.   Declare that Defendant MICA breached their fiduciary duty to Plaintiff;

B.   Declare that by failing to provided adequate information regarding the disability benefit to Plaintiff, Defendant have violated ERISA;

C.   Declare that Plaintiff has a right to receive the disability benefit under ERISA;

D.   Order that Defendant MICA pay to Plaintiff amounts to make Plaintiff whole for the harm by providing other appropriate equitable relief;

G.   Award Plaintiff reasonable fees and costs of suit pursuant to ERISA § 29 U.S.C. §1132 (g); and

E.   Provide such other relief as the Court deems equitable and just.

Respectfully Submitted,

Date: 11/30/2020

_Jane T. Amator_

Signature of Pro Se Plaintiff
Jane T Amator
5869 E Blue Sky Dr
Scottsdale, AZ 85266
(480) 221-0687

8